**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>v.<br><br>David Steven Goldfarb,<br><br>             Defendant. | No. CR07-00260-PHX-DGC<br><br>**ORDER** |

The government has filed a motion in limine to preclude the following evidence and argument: (1) evidence that the government caused a defense witness to appear late and intoxicated for the first trial; (2) evidence of the victims' settlement release of their civil fraud lawsuits; (3) evidence that the victims should not, or could not, have relied on Defendant's false representations because of contract and projection disclaimers; (4) evidence of the government's charging decisions; (5) reference to Defendant's first criminal trial as a trial; and (6) evidence of Defendant's out-of-court statements offered through a third-party defense witness. Defendant David Steven Goldfarb has filed a response. Doc. 1385. At a status hearing held on April 13, 2012, the parties agreed that no further briefing was needed on this motion. Doc. 1671. For the reasons that follow, the motion will be granted in part and denied in part.

**1.     Prior Due Process Violation.**

On November 10, 2008, following a ten-day jury trial, Defendant was found guilty on three counts of mail fraud and one count of conspiracy to commit mail fraud.

Doc. 742.  On April 23, 2009, Defendant filed a motion to dismiss the indictment and overturn the conviction based on prosecutorial misconduct.  Doc. 938.  The Court found that the combined actions of an IRS criminal investigator and a Postal Service criminal investigator resulted in intimidation of defense witness Matthew Lisenby, and that these actions effectively prevented Mr. Lisenby from testifying at trial.  Doc. 1001, at 9-10. Because Defendant was denied his due process right to present a complete defense, the Court ordered a new trial.  *Id.*

The government now moves to exclude from the new trial any evidence that the agents intimidated a defense witness, any evidence of the Court's orders and factual findings vacating Defendant's jury verdict (Docs. 1001, 1097), and any evidence of the government's actions that caused the new trial.  Doc. 1378, at 3-4.  References to this evidence would likely confuse or prejudice the jury, and learning of Defendant's first trial may lead to jury speculation.  This result should be avoided, particularly when the Court did not find that the investigators intentionally sought to intimidate Mr. Lisenby during the first trial and when the new trial itself is intended to ensure due process.  The Court will grant the government's motion to exclude this evidence.

Defendant argues that government misconduct bears on the credibility of the government's investigation and the witnesses.  Doc. 1385 at 5.  The Court does not agree that events leading to the new trial undercut the general credibility of the government's case.  If defense counsel concludes during trial that the evidence excluded by this order becomes relevant, counsel may raise the issue with the Court outside the hearing of the jury.

**2.     Civil Settlement Release.**

The government asks the Court to preclude Defendant from introducing evidence related to the victims' civil settlement agreements, release of claims, and the payment of settlement amounts by any Defendant, pursuant to Federal Rules of Evidence 402 and 403.  Doc. 1378 at 5.  The government argues that the victims' settlement release of their fraud lawsuit is not relevant to any of the criminal charges in this case, and that the use of

1  this information could serve only one purpose: to suggest that Defendant may not be
2  criminally liable for actions that were settled civilly. *Id.* at 4-5. In a footnote, the
3  government recognizes that fraud suits against Defendant and others in Corf Licensing
4  Services ("CLS") are clearly relevant because they tend to show Defendant's knowledge
5  of the falsity of his representations to investors and his intent to defraud. *Id.* at 5 n.1.
6  The government also acknowledges that the amount of settlement money received by
7  testifying victims may be relevant to the victims' credibility. *Id.*

8  A civil settlement may "not influence the determination of whether or not a crime
9  was committed," *United States v. Southwest Bus Sales, Inc.*, 20 F.3d 1449, 1457 (8th Cir.
10 1994), but there may be other reasons for admitting the evidence, as the government
11 appears to concede in footnote. At this stage, when the purpose of the evidence and its
12 context at trial are not known, the Court cannot determine whether the evidence would be
13 relevant or prejudicial. For present, neither party should mention the civil releases or
14 settlements during opening statements. The parties should raise these issues with the
15 Court outside the hearing of the jury if they find it necessary to introduce this evidence
16 during trial.

### 3. Justifiable Reliance.

The government asks the Court to preclude Defendant from suggesting that the victims should not, or could not, have relied on his false representations because of disclaimers in the projections and CLS contracts, pursuant to Federal Rules of Evidence 402 and 403. Doc. 1378 at 7. Defendant responds that the government has not yet proven any false representations made by Defendant, and that the requested exclusion should be denied as premature. Doc. 1385, at 5-6.

Reliance is not an element of federal fraud statutes, but materiality is. *Neder v. United States*, 527 U.S. 1, 24-25 (1999) ("The common-law requirements of 'justifiable reliance' and 'damages,' for example, plainly have no place in the federal fraud statutes. . . . [W]e hold that materiality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes."); *see also United States v. Blixt*, 548 F.3d 882, 889

(9th Cir. 2008) (citing *Neder* as confirmation that "'[a] misrepresentation may be material without inducing any actual reliance'") (citation omitted). Defendant will not be permitted to introduce evidence or make arguments suggesting that Defendant should be acquitted because the victims did not rely on any false statement. Whether any particular evidence may be admitted on the issue of materiality, however, must be determined during the course of trial.

The government prematurely requests an amendment to jury instruction 8.1-1 from the first trial. Doc. 1378 at 7. The Court will consider this request when both parties have had an opportunity to submit proposed jury instructions.

**4.     Government's Charging Decisions.**

The government seeks to limit, pursuant to Federal Rules of Evidence 402 and 403, Defendant's ability to argue that the government's decision not to charge others involved in this case bears on Defendant's guilt or innocence. Doc. 1378 at 8. Defendant does not dispute that evidence of the government's charging decisions should not be admitted for the purpose of establishing whether Defendant should be prosecuted or found guilty. Defendant argues instead that the government's charging decisions, such as providing key witness Joe Brill with a non-prosecution letter, may affect witness credibility and motivation to testify. Doc. 1385 at 6. The Court will preclude the parties from using evidence of the government's charging decisions to establish, directly or indirectly, Defendant's guilt or innocence. Evidence of the government's charging decisions will be permitted for the limited purpose of establishing witness credibility and motivation to testify.

**5.     Reference to Defendant's Previous Trial.**

The government moves to exclude any reference to Defendant's first criminal trial pursuant to Federal Rules of Evidence 402 and 403. Doc. 1378, at 9. The Court will grant the motion. If the parties must make reference to evidence presented at the first trial, they shall refer to it as a prior court proceeding. The parties shall not mention the prior trial to the jury.

**6.     Out of Court Statements Offered Through Third Party Witness.**

The government seeks to preclude defense counsel from eliciting any statements made by Defendant to any third party defense witness that may be called at trial, pursuant to Federal Rule of Civil Evidence 801. Doc. 1378 at 9. The government argues that such statements would constitute inadmissible hearsay if offered by Defendant through third party defense witnesses "unless there is a non-hearsay ground for the admission of the particular statement," that Defendant's prior statements to third party defense witnesses "are not necessarily admissible" as prior consistent statements, and that Defendant's statements are not admissible under the rule of completeness "to the extent that witnesses testify" about his oral statements. *Id.* at 9-10.

The admissibility of Defendant's out of court statements will depend on the context in which the parties seek to introduce the statements. The Court agrees that Defendant's out-of-court statements generally are hearsay, and that such statements are not admissible under Rule 801(d)(2). If Defendant seeks to admit such evidence, he must be prepared to show why it is not barred by the hearsay rules.

**IT IS ORDERED** that Defendant's motion in limine (Doc. 1378) is **granted in part and denied in part**, as set forth in this order.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run beginning on October 8, 2010.

Dated this 17th day of May, 2012.

David G. Campbell
United States District Judge